[No. 28643. Department Two. August 14, 1942.]

CLIFTON MILLER, *Respondent,* v. LESLIE H. STEVENS, *Appellant,* CHARLES H. MARTIN *et al., Respondents.*[1]
*Respondents.*[1]

*Marion Garland, Sr.,* and *Marion Garland, Jr.,* for appellant.

*Frederick B. Cohen,* for respondent Miller.

*Charles E. Allen,* for respondents Martin.

JEFFERS, J.—Clifton Miller originally instituted this action against Leslie H. Stevens to recover damages for injury to his automobile, time loss, physician's services, and pain and suffering claimed to have been caused by the negligence of Mr. Stevens when a car

[1]Reported in 128 P. (2d) 494.

driven by him and one being driven by plaintiff collided on the Bremerton-Silverdale highway, in Kitsap county, in the early evening of January 8, 1941. After the action was started, the court, on motion of plaintiff, entered an order permitting Charles H. Martin and wife to be made parties defendant. An amended complaint was thereafter filed and served, in which it was alleged that the damages sustained by plaintiff were caused by the concurrent negligence of Stevens and Martin and wife.

Martin and wife filed an answer and cross-complaint, in which they denied any and all allegations of negligence contained in the amended complaint, and affirmatively alleged that the collision between the Martin car and Stevens car was caused solely by the negligence of Stevens. The prayer of these defendants was that plaintiff take nothing as against them, and that they have judgment against their codefendant Stevens in the sum of $350, as damage to their car, and the further sum of $27.10 paid out for the rent of another car.

Defendant Stevens by his answer denied any and all allegations of negligence contained in plaintiff's complaint. In his answer and cross-complaint to the answer and cross-complaint of his codefendants, Martin and wife, Stevens denied all allegations of negligence set forth by Martin and wife, and alleged affirmatively that the entire cause of the accident was the negligence of Martin. Stevens asked for judgment against Martin and wife for damage to his car in the sum of $475. The cause was tried to the court without a jury.

As the trial court stated in its memorandum decision, the stories of witnesses to an automobile accident are usually all different. Each witness, presumably in good faith, attempts to describe the accident as he saw

it.  In many of these cases, as in this one, there are at least two theories of how the accident happened.

In the instant case, according to the testimony of Mr. Stevens and the three men riding with him in the car at the time of the accident, he was proceeding in a northerly direction on his way home from work in the navy yard at Bremerton.  Apparently it was dark, as the cars had their lights on.  There was quite a line of traffic going in the same direction as Stevens, plaintiff's car being in the line some distance ahead of the Stevens car.  It was misty, and the black top pavement was quite slippery.  A Dodge pick-up just ahead of Mr. Stevens pulled out of the line of traffic and passed the Miller car, and when this truck was in the clear, Mr. Stevens pulled out to pass the Miller car, and speeded up to about thirty-five or forty miles per hour.  Mr. Stevens testified that, before he pulled out to pass the Miller car, he looked ahead and saw the Martin car approaching from the north, at a distance which he estimated as follows:  "I should judge about 900 feet down the road.  I can't say for sure, but it was about that."  Stevens and his witnesses testified that he got entirely past the Miller car and back on his own side of the highway; that, when the Martin car reached a point within about one hundred fifty or two hundred feet of the Stevens car, the Martin car began to zigzag back and forth across the road, finally coming clear over across the yellow line and hitting the Stevens car; that immediately the Stevens car was struck in the back by the Miller car.

On the other hand, the theory of Miller and the Martins is, and their testimony shows, that Stevens pulled out to go around the Miller car, which was then traveling about forty miles per hour; that, in order to get by Miller, Stevens speeded up to sixty or sixty-five miles per hour; that Stevens was never able to and

did not get back on to his own side of the road, but collided with the Martin car on Martin's side of the highway; that Miller, in an attempt to avoid the other two cars, turned to the left and collided with the Stevens car.

Mr. Miller testified that when Stevens went by him he did not think Stevens could get back on his own side of the road in time to avoid the oncoming Martin car, and that he applied his brakes as much as he could and pulled to the right to give Stevens as much chance as possible to get back in the right-hand lane; that Stevens did not get back into the right-hand lane, but collided with the Martin car in the left-hand lane, in which Martin was traveling. Mr. Miller further testified that, when the Martin and Stevens cars collided, they went to the right; that he could not stop and so he turned to the left in an attempt to get around the other two cars.

Martin and wife testified that they were coming up the grade, driving about forty-five miles an hour, and saw the line of cars coming from the opposite direction; that they saw a car approaching in their lane, traveling at such a rate of speed and passing such a tight line of traffic that it could not possibly get back into the right-hand lane; that Mr. Martin applied his brakes and pulled over to his right side of the road; that the application of the brakes caused the car to zigzag, but at no time did the Martin car cross the yellow line; that, at the time of the impact, the Martin car was three or four feet from the center line on the proper side of the road, and had almost come to a stop.

There was testimony to the effect that Mr. Stevens admitted he was going sixty or sixty-five miles an hour when he passed the Miller car. Mr. Stevens denied making any such admission. The trial court, after a consideration of all the testimony and the physical

facts, accepted the theory of plaintiff as to how the accident happened. We quote from the court's memorandum decision:

"Mr. Miller was in the best position in the world of anybody to see this accident. It happened right squarely in front of his eyes. He was not only there, but he was directly interested, not in who caused the damage because it doesn't make any difference to him. Somebody is responsible to him. There is no doubt about that; and somebody has got to pay him; but there is nothing to indicate that he cares who pays him. However, he was right there. This thing was taking place right squarely in front of his eyes; and his testimony is direct and positive and convincing that that accident did not happen as Mr. Stevens and his witnesses say it happened. It was a passing accident. There wasn't sufficient space. Mr. Martin became alarmed and slammed on his brakes, which is the natural and normal and required thing for him to do, and he lost partial control of his car, that is, the car began to skid and zigzag and go back and forth. He [Martin] insists, and Mr. Miller insists that it never at any time went across the yellow line. Even if it did go across the yellow line—I don't think the evidence shows that it did; but even if it did, the thing that started this situation was the passing there without sufficient time and space that caused Mr. Martin to do the thing that threw his car out of control, the fact that Mr. Stevens passed without sufficient space between the two cars. I am convinced beyond any doubt that that must necessarily have been the way this accident happened."

The court entered findings of fact in accordance with the views expressed in its memorandum decision, and from the findings the court concluded that plaintiff was entitled to judgment against Stevens in the sum of three hundred dollars, together with costs and disbursements; that defendants Martin and wife were entitled to judgment against Stevens in the sum of $260, together with their costs; and that defendant Stevens

was not entitled to judgment against either Miller or Martin and wife. Judgment in accordance with the conclusions was entered on September 29, 1941. A motion for new trial was made by Mr. Stevens and denied, and this appeal by Stevens followed.

Appellant assigns error upon the court's finding that Stevens was guilty of negligence, and also claims the court erred in not finding Miller and Martin guilty of contributory negligence; in finding that the preponderance of evidence was in favor of respondents; in failing to grant a new trial; and in entering judgment against Stevens.

▉ Appellant first argues that appellant "acted according to all good judgment," in that he came upon a car which was going slower than the line of traffic; that he looked around the car and saw that he had eight to nine hundred feet of clear road ahead; and that he had a car whose speed could be accelerated on an instant's notice fifteen miles per hour faster than the speed of the car which he was passing.

Appellant cites no authority to sustain the above or any other contention, other than Rem. Rev. Stat., Vol. 7A, §§ 6360-77 and 6360-79 [P. C. §§ 2696-835 and 2696-837]. He contends that, under the facts of this case, he was justified, by virtue of the above sections, in passing Mr. Miller. Section 6360-77, in so far as applicable here, provides that any person driving a vehicle upon any public highway and overtaking another vehicle going in the same direction shall pass to the left of such overtaken vehicle;

"Provided, That it shall be unlawful for any person to pass any vehicle overtaken unless he shall have a clear and unobstructed view ahead for a distance sufficient for safe passing, all factors considered."

Section 6360-79 has no particular application to the facts in this case, except that appellant contends the

court could consider this section for the purpose of fixing some standard of distance required for safe passing. The section provides that it shall be unlawful for any person operating a vehicle on the public highway to pass another vehicle going in the same direction upon a curve, or while approaching the crest of a grade, where there is not a clear view ahead for eight hundred feet.

While it is true that Stevens testified that the Martin car was eight or nine hundred feet away when he started to go around the Miller car, it is apparent this was nothing more than an estimate. We find this statement in Mr. Stevens' testimony:

"Mr. Martin was coming up the road, I should judge, about nine hundred feet down the road. I can't say for sure, but it was about that."

As we have said, this testimony as to distance was only an estimate, made under conditions which made it difficult to judge accurately. It was dark and the witness had to judge from the lights on the approaching car. It is clear to us that if the accident happened on Martin's side of the road, as the court found, then the Martin car was not as far away as estimated by Stevens, and was not far enough away to have allowed appellant to pass the Miller car and get back to his side of the highway.

We are clearly of the opinion that there is substantial evidence in this record to support the finding of the trial court that appellant was negligent.

█ It is next argued that the court erred in not finding respondent Martin guilty of contributory negligence in swerving back and forth across the highway, and in not having control of his car. Appellant also claims the court erred in not finding respondent Miller guilty of contributory negligence, as it appears that he saw the accident pending, at which time he was

driving at thirty-five to forty miles per hour and still did not stop his car within one hundred fifty feet.

The questions presented in this case are entirely factual. It is true there is a conflict in the testimony, and had the trial court accepted the theory and testimony of appellant as to how this accident happened, such action on the part of the court could undoubtedly be sustained, but the court accepted the testimony of Miller and the Martins, and we are satisfied the court was justified in finding the damage sustained by Miller was caused by the negligence of appellant alone, and not by any claimed negligence on the part of Martin, and we are also satisfied that the court was justified by the evidence in finding Miller was not gulity of contributory negligence.

We are also of the opinion that the evidence supports the court's finding that the damage sustained by Martin and wife was caused by the negligence of Stevens, and that Martin and wife were not guilty of contributory negligence.

■ The court was justified in finding from the evidence in this case that an emergency confronted both Miller and Martin, and that, in view of this emergency, both of these men did all that could be required of a person faced with the conditions then confronting them to avoid this accident. The same degree of care is not required of one confronted with an emergency not of his own creation as would be required of one who had an opportunity to deliberate and choose the safer course. *Winston v. Bacon,* 8 Wn. (2d) 216, 111 P. (2d) 764. The law does not scrutinize too carefully an act done by one who has been put in a position of danger by one who inflicts injury upon him, but leaves it for the jury to say whether, under the circumstances, the act committed in seeking to avoid the danger was that of an ordinarily prudent man. *American Products Co. v. Villwock,* 7 Wn. (2d) 246, 109 P. (2d) 570.

No question is raised by appellant as to the amount of the judgment rendered in favor of each of the respondents.

Finding no error in the record, the judgment of the trial court must be and is affirmed.

ROBINSON, C. J., BEALS, BLAKE, and MILLARD, JJ., concur.